97 So.2d 856 (1957)
Joseph MAES et al.
v.
CITY OF NEW ORLEANS.
No. 21001.
Court of Appeal of Louisiana, Orleans.
November 4, 1957.
Rehearing Denied November 18, 1957.
*857 Alvin J. Liska, City Atty., and Alden W. Muller, first Asst. City Atty., New Orleans, for defendant-appellant.
Richard Dowling, New Orleans, for plaintiffs-appellees.
McBRIDE, Judge.
This is a declaratory judgment suit. The question before the court for determination is whether the supplementary pay of a police officer of the City of New Orleans, granted by the State of Louisiana under Act 323 of 1956, as amended by Act 12 of 1957 (now LSA-R.S. 33:2218.1 et seq.), is to be classified as part of his salary, from which 5 percent thereof shall be deducted and paid over to the board of trustees of the police pension fund in the City of New Orleans in accordance with LSA-R.S. 33:2286.
Plaintiffs are members of the New Orleans police force and as such each receives a fixed salary from the municipality. The above-mentioned act of 1957 amended R.S. 33:2218.2 so as to provide:
"A. In addition to the compensation now paid by any municipality included in this Sub-part to any police officer, every police officer employed by any municipality which employes one or more police officers who devotes his full working time to law enforcement, shall be paid by the state extra compensation as follows:
"(1) $16.66 per month for each full time municipal law enforcement officer who has completed or who hereafter completes one year of service;
"(2) $33.32 per month for each full time municipal law enforcement officer who has completed or who hereafter completes three years of service;
"(3) $50.00 per month for each full time municipal law enforcement officer who has completed or who hereafter completes six years of service.
"B. In computing the period of service required by Sub-section A service as a police officer in the municipality shall include prior service for those police officers who have returned or hereafter return to such service."
*858 The plaintiffs direct their suit against the City of New Orleans, and by it seek a judicial declaration to the effect that the City must deduct from the amount received by the officers, members and employees of its police department from the State of Louisiana as supplementary pay, under R.S. 33:2218.1 et seq., an amount equal to 5 percent thereof, and to pay the same over to the police pension fund for the benefit of said fund and those eligible to receive pensions thereunder.
The Legislature, by Act 96 of 1948, provided for a police pension fund for the police department of the City of New Orleans; created a board of trustees thereof for the administration, management, control, and operation of said fund; provided for the pensioning of the officers, members, and employees of the police department, their widows; children, and widowed mothers. The provisions of Act 96 of 1948 are now embraced in the LSA-Revised Statutes of 1950 and are to be found in Title 33, sections 2281 through 2304. It is provided by LSA-R.S. 33:2286 that salary deductions from the salaries of employees of the police department shall be paid into the pension fund, said section reading thus:
"Five per cent of the salaries of the officers, members, and employees of the police department shall be turned over and paid to the board. This levy shall be deducted and collected monthly out of the salaries and paid into the fund."
The City of New Orleans contends: (1) That the State of Louisiana had not the authority to fix the salary of a classified civil service employee of New Orleans, such as a policeman, and (2) that the supplementary pay provided for by LSA-R.S. 33:2218.1 et seq. is not a salary at all but is merely a "bonus, gift or handout."
The trial judge was of the opinion that the additional compensation paid by the State to petitioners forms part of their salaries and is amenable to the 5 percent pension fund deduction, and, accordingly, judgment was rendered declaring that such deduction should be made and collected monthly by the City of New Orleans and turned over and paid to the board of trustees of the pension fund as provided by LSA-R.S. 33:2286. The City appealed.
We agree with the conclusions of the trial judge. There is no merit in either of the City's contentions. We are cognizant of no law, authority, or valid reason why the State of Louisiana by legislative fiat cannot supplement the pay of municipal police officers, as it did, in order to promote the public peace and safety by providing better enforcement of law and particularly the enforcement of state laws by municipal police officers. The additional pay granted by the State is not in the category of a bonus, gift, or handout, but, on the contrary, is a supplementation of the salary of the police officer and cannot be considered in any other light than as part of the salary. The word "salary" is defined by Black's Law Dictionary: "A reward or recompense for services performed."
Even the Department of Finance of the City of New Orleans, which makes payment of salaries to the City's employees, considers the state allowance a part of the salary of a policeman as appears by reference to a check dated September 17, 1956, drawn by the Department of Finance to the order of petitioner Maes, for "salary for period ending 8/31/1956." The check, which is in evidence, is charged to "Supplemental Salary Account No. 1." Even if it were doubtful what the meaning of the legislative enactments is, the contemporaneous interpretation thereof by the Department of Finance should be accorded great weight.
Thus having found that the supplemental pay is part of the police officer's salary, it is proper that the 5 percent deduction be made therefrom monthly and turned over and paid to the board of trustees of the police pension fund in the City of New *859 Orleans in accordance with LSA-R.S. 33:2286.
The City also contended in the lower court, but not in brief or oral argument before us, that Acts 323 of 1956 and 12 of 1957 are unconstitutional in that the proposals to introduce the bills into the legislature were not published in the Official State Journal of the State on three separate days at least thirty days prior to the convening of the Legislature, in contravention of Art. 19, sec. 25, Const. 1921, LSA which provides in part:
"No proposal to amend or effect any change in existing laws or provisions of the constitution relating to any retirement system in this state shall be introduced into the legislature unless notice of intention to introduce such proposal shall have been published in the official state journal of the state on three separate days at least thirty days prior to the convening of the legislature in regular session. * *"
The City's position is that the legislative acts in question had the effect of attempting to amend or change the existing laws relating to the police retirement system in the City of New Orleans. We do not agree with this line of reasoning. The enactments do not tend in any manner to amend or effect any change in the existing laws relating to the police retirement system in vogue in New Orleans. All that might be said is that the acts which grant the local police officers additional pay from the State may have the effect of increasing the amount due some beneficiaries under the pension plan, but this does not amount to an amendment or effect any change in the existing laws respecting the retirement system within the contemplation of the Constitution of Louisiana. The constitutional provisions refer to amendments and changes in the basic systems of retirement.
For these reasons the judgment appealed from is affirmed.
Affirmed.