295 So.2d 560 (1974)
J. L. LATINO et al.
v.
The CITY OF BOGALUSA and Bogalusa Commission Council.
No. 9822.
Court of Appeal of Louisiana, First Circuit.
May 28, 1974.
Donald M. Fendlason, Bogalusa, for appellants.
Richard F. Knight, Bogalusa, for appellee.
Before LOTTINGER, BLANCHE and de la HOUSSAYE, JJ.
LOTTINGER, Judge.
Plaintiffs brought suit against the City of Bogalusa and Bogalusa Commission Council, individually as well as a class action for other policemen, seeking to have their overtime pay computed not only on the basis of their city salary but including the extra compensation paid to them by the State of Louisiana by virtue of La.R.S. 33:2218.2. The Lower Court rendered judgment in favor of plaintiffs, and from this judgment defendants have appealed.
The central issue presented to the court is one of law, as follows: Are the City of Bogalusa and the Bogalusa Commission Council required by state law to pay overtime pay to all policemen with the rank of captain and below, employed by the City of Bogalusa in accordance with La.R.S. 33:2213 based on both the salary paid to the said policemen by the City of Bogalusa and the supplemental pay paid to said policemen by the State of Louisiana or are the City of Bogalusa and the Bogalusa Commission Council required to pay overtime to said policemen based only on the salary paid to the said policemen by the City of Bogalusa.
The stipulated facts, as per the written stipulation in the record, are as follows: For the years of 1971, 1972 and 1973 and to date, the City of Bogalusa and the Bogalusa Commission Council have not paid overtime pay to the policemen employed by the City of Bogalusa on the basis of the supplemental pay required to be paid to said policemen under authority of the La. R.S. 33:2218.2 and the City of Bogalusa and the Bogalusa Commission Council have paid overtime to the policemen only on that portion of the salary paid to them by the City of Bogalusa and the Bogalusa Commission Council.
The principal portion of the judgment of the trial court which defendants-appellants dispute in this appeal is as follows:
"It is ordered, adjudged and decreed that the writ of mandamus directed to the defendants, City of Bogalusa and Bogalusa Commission Council, is hereby made peremptory, in that the City of Bogalusa and the Bogalusa Commission Council *561 are hereby ordered to pay each policemen employed by the City of Bogalusa overtime pay, as required by Louisiana Revised Statute 33:2213, based upon both the salary paid by the City of Bogalusa and the supplemental pay paid by the State of Louisiana in accordance with Louisiana Revised Statutes 33:2218.2"
Paragraphs 1 and 4 of the Specification of Errors contained in defendants-appellants' brief directly relate to the above paragraph of the judgment. Defendants-appellants claim that the Trial Court erred in not finding that overtime pay is only available for officers up to the rank of captain and in not finding that overtime pay would only be available for hours in excess of 48 hours in one calendar week. However, the judgment of the Trial Court explicitly states that compensation will be paid in accordance with La.R.S. 33:2213. That statute only allows overtime to be paid for policemen through the rank of captain and only in excess of 48 hours per calendar week. As a practical matter, it would have served no purpose for the Trial Court to have restated the language of the statute. By merely referring to the statute, the court's judgment only allows overtime to be paid through the rank of captain and only allows overtime for those hours in excess of 48 hours per calendar week. Plaintiffs have agreed that the judgment must be read in light of La.R.S. 33:2213.
La.R.S. 33:2213 requires that all policemen with the rank of captain or lower be paid overtime for all those hours in excess of forty eight hours in one calendar week and eight hours in any one day, at the rate of one and one-half times their usual salary, to be determined by reducing each policeman's monthly salary to an hourly scale, as follows:
"The maximum hours or work required of any full-time paid patrolman, patrolman first class, sergeant, lieutenant, or captain, or any other employee of the police department, except those employed in a position, grade, or class above that of captain, in any municipality affected by this Sub-part, shall be forty-eight hours in any one calendar week, and eight hours in any one day. In cases of emergency, any employee may be required to work in excess of the maximum. For each hour so worked the employee shall be paid at the rate of one and one-half times his usual salary, to be determined by reducing his monthly salary to an hourly scale." (Emphasis added.)
Also included within "Part III Police Department" of Title 33 of the Revised Statutes is La.R.S. 33:2218.2 which sets forth compensation to be paid by the state to policemen in addition to compensation paid by municipalities and which we quote in part:
"A. In addition to the compensation now paid by any municipality included in this sub-part to any police officer, every police officer employed by any municipality which employs one or more police officers who devotes his full working time to law enforcement, shall be paid by the state extra compensation as follows:
"(1) $16.66 per month for each full-time municipal law enforcement officer who has completed or who hereafter completes one year of service;
"(2) $33.32 per month for each full-time municipal law enforcement officer who has completed or who hereafter completes three years of service;
"(3) $50.00 per month for each full-time municipal law enforcement officer who has completed or who hereafter completes six years of service...."
Although the exact legal question before us has apparently never been considered by an appellate court in Louisiana, the court in Maes v. City of New Orleans, 97 So.2d 856 (La.App.Orl.Cir. 1957) held that the additional compensation paid by the state to policemen came within the definition of the term "salaries" as used in La.R.S. *562 33:2286. In that case the question before the court was whether the supplemental pay of a police officer of the City of New Orleans was to be classified as part of his salary, from which five per cent thereof would be deducted by the City of New Orleans and paid over to the Board of Trustees of the Police Pension Fund in the City of New Orleans. La.R.S. 33:2286 provided that five per cent of the salaries of the officers, members, employees of the Police Department shall be turned over and paid to the board, and that this levy shall be deducted and collected out of the salaries and paid into the fund. The City of New Orleans refused to pay into the fund five per cent of the extra compensation paid by the state to policemen. In holding that the city must also pay into the fund five per cent of the extra compensation paid by the state, as well as five per cent of the compensation paid by the city, the court states:
"We agree with the conclusions of the trial judge. There is no merit in either of the city's contentions. We are cognizant of no law, authority, or valid reason why the State of Louisiana by legislative fiat cannot supplement the pay of municipal police officers as it did, in order to promote the public peace and safety by providing better enforcement of law and particularly the enforcement of state laws by municipal police officers. The additional pay granted by the State is not in the category of a bonus, gift, or handout, but, on the contrary, is a supplementation of the salary of the police officer and cannot be considered in any other light than as part of the salary. The word `salary' is defined by Black's Law Dictionary: `A reward or recompense for services performed.'" (Emphasis added.)
The Louisiana legislature apparently approved of the Maes decision, inasmuch as it enacted the result of the decision into statute by Act 49, Sec. 1 of the 1959 session of the Louisiana legislature, which amends La.R.S. 33:2218.4.
An opinion of the Attorney General of the state of Louisiana dated July 2, 1971, although not binding authority, answered the same issue presented by this case. The opinion of the Attorney General was that the case of Maes v. City of New Orleans, supra, has squarely decided that the state supplemental pay to police officers constitutes a part of the policemen's salary and quoted extensively from the Maes opinion. The opinion of the Attorney General concluded as follows:
"It has been judicially determined, therefore, that salary means the total payment for services performed, including the payments from the state and the city. The overtime should, therefore, be computed on the basis of total salary from both sources."
Since overtime is computed on the basis of the policemen's usual salary, we must only determine what salary plaintiffs are usually paid. First, they are paid a salary by defendants herein, and secondly, they are paid supplemental pay by the state in accordance with La.R.S. 33:2218.2. The fact that the payment by the state is a supplement to the pay by the City of Bogalusa does not in our view make it unusual or anything other than usual pay. The fact remains that it is part of the pay each defendant usually receives. The term "compensation" as used in Section 2218.2 certainly does not have a different meaning than the term "salary" as used in Section 2213. These two terms mean one and the same thing: the amount of money paid policemen for the work they perform as policemen, regardless of which agency, the city or state, is doing the paying.
For the above and foregoing reasons, the judgment of the Lower Court is affirmed, all costs, including the costs of this appeal, to be paid by the appellant.
Judgment affirmed.