ON SUPERVISORY WRITS
SAMUEL, Judge.
The Civil Service Commission of the City of New Orleans filed this suit against Rey-nard J. Rochon, Chief Administrative Officer of the City of New Orleans, and Erroll G. Williams, Director of the Department of Finance of the City of New Orleans, seeking to enjoin them from adding state supplemental payments to the regular salary paid by the city in arriving at a base for the computation of overtime pay to city civil service employees. The Police Association of the City of New Orleans intervened in the suit and we have accepted an amicus curiae brief from the New Orleans Firefighters’ Association.
Following a trial on the merits (by agreement of the parties the usual hearing on the preliminary injunction was waived and the matter was heard on the final injunction), there was judgment denying the injunction sought and dismissing the suit. The Commission then applied to this court for writs of certiorari, mandamus and prohibition and a stay order, which we granted.[1] The matter is now before us on a writ of certiorari with a stay order.
The proposed action by the respondents (scheduled to begin July 1, 1979) affects several classifications of city employees who hold civil service status and whose city salary is supplemented by the state, particularly city police and firemen.[2] Section 10.1 of Rule 4 of the Commission sets forth regulations concerning overtime. It computes *166 overtime on “base pay”. The rule does not define the term “base pay”, but in computing overtime the Commission always has considered only the salary paid by the city and has not considered state supplemental payments. Thus, the proposed addition of that supplemental pay to “base pay” in computing overtime is a change in overtime compensation independently proposed and to be acted on by the city without agreement or prior action, or refusal to act, by the Commission.
The position of the respondents is that the Chief Administrative Officer has authority to change the method of computation of overtime pay by virtue of Section 4-302(5) of the New Orleans Home Rule Charter which confers on that officer the authority to “prescribe accepted standards of administrative practice to be followed by all offices, departments and boards.” To buttress that argument, they rely on testimony given by a member of the Civil Service Commission, a part of which testimony is that the Commission has no authority over the payment of state supplemental pay to city employees.
Intervenor argues that New Orleans policemen have had their overtime pay calculated only on the basis of the salaries paid to them by the city, while police officers in other areas of the state have received, either voluntarily or by court action, overtime compensation computed on the basis of their entire salaries, including that portion represented by state supplemental pay.[3] The amicus curiae brief also argues the merits on' additional grounds.
We do not reach these arguments because we hold the Chief Administrative Officer of the City of New Orleans has no authority under law to independently alter methods of compensation and disbursements to civil service employees of the city as set by the Commission.
The authority and jurisdiction of the Civil Service Commission of the City of New Orleans is set forth in Article 10, Section 10(A)(1) of the Louisiana Constitution of 1974 as follows:
“Each commission is vested with broad and general rule-making and subpoena powers for the administration and regulation of the classified service, including the power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualifications, political activities, employment conditions, compensation and disbursements to employees, and other personnel matters and transactions; to adopt a uniform pay and classification plan; to require an appointing authority to institute an employee training and safety program; and generally to accomplish the objectives and purposes of the merit system- of civil service as herein established. It may make recommendations with respect to employee training and safety. Nothing herein shall prevent the legislature from enacting laws supplementing these uniform pay plans for sworn, commissioned law enforcement officers of the Division of State Police, Department of Public Safety and regularly commissioned officers of the Enforcement Division of the Department of Wildlife and Fisheries.” LSA-Const. Art. 10, § 10(A)(1). (Emphasis ours).
The predecessor to this constitutional provision was Article 14, Section 15(I)(6) and (c) of the Constitution of 1921 Insofar as the present issue is concerned, the provisions of the 1921 Constitution are not materially different from the provisions of the present constitution. Under the 1921 Constitution, in Barnett v. Deve/le,[4] the Supreme Court held that while the city has the authority to approve a pay plan proposed by the Civil Service Commission, such power of approval does not carry with it the right to implement a pay plan contrary to one already recommended and established by the Commission. The court stated:
*167 “ . . . We agree that Section 15 vests the Commission with the same authority regarding pay schedules for City Classified Employees as it does the State Civil Service Commission with regard to pay schedules for State Classified Employees. We are also of the view that Forbes correctly held no pay plan can be approved by the State contrary to one established by the State Civil Service Commission, notwithstanding such a plan does not become effective for the State until approved by the Governor. That the Governor must approve a State plan, and the City approve a City plan before either can become effective, does not diminish or detract from the authority of the State or City Commission to adopt and enforce such plans. Neither does it mean that either the State or City can implement such a plan contrary to the one recommended and established by the State or City Commission. Where such plans have been established, as is the case here, neither the State nor City can approve or implement a contradictory schedule. The patent purpose of Section 15 is to insure uniform treatment of all similarly classified employees in the State and municipal civil service systems provided for therein. To avoid discrimination and favoritism, to promote efficiency of governmental operation, and to encourage promotion based on merit, the electorate, by adoption of Section 15, has placed certain aspects of state and municipal classified employment beyond the pale of state and local governmental control.” (Emphasis ours).
The Commission alone has the authority to set compensation in the form of salaries, including overtime, of city employees with civil service status. To allow the city to ignore the Commission and independently set the amount of overtime pay, as it does in this case, because it believes, rightly or wrongly, that the Commission is legally mandated to use the amount thus set by the city, would have the effect of eroding, or possibly even destroying, the constitutional and exclusive authority of the Commission in the area of compensation for civil service employees. Should the city, or the individuals here involved, be of the opinion, as they apparently are, that under present law the Commission is mandated to consider both city salaries and supplemental state payments as the basis for computing overtime pay, their remedy is to take proper court action against the Commission to enforce that believed mandated duty.
For the reasons assigned, the judgment is annulled and set aside, and the matter is remanded to the trial court, the judge of which is now ordered and directed to issue a final injunction in the form and substance prayed for by the relator-appellant, the Civil Service Commission of the City of New Orleans.

ANNULLED, SET ASIDE AND REMANDED.

. We considered an application for writs proper in this case because, in our view, an appeal does not afford an adequate remedy. See Succession of Levins, 184 La. 825, 167 So. 454.

. R.S. 33:2213, which is applicable to the police, is illustrative of the problem involved. In pertinent part, that statute provides: “For each hour so worked the employee shall be paid at the rate of one and one-half times his usual salary, to be determined by reducing his monthly salary to an hourly scale.”

. Citing Bradford v. City of Shreveport, La. App., 305 So.2d 487, Latino v. City of Bogalusa, La.App., 295 So.2d 560, and Maes v. City of New Orleans, La.App., 97 So.2d 856.

. La., 289 So.2d 129.