GAUDIN Judge.
Appellant is Rene M. Delaunay, who filed suit in the 24th Judicial District Court for violation of a contract and for misrepresentation against Shirley Bonifasi, Morris Friedman and other defendants. Subsequently, on January 3, 1985, the trial judge rendered a judgment dismissing Bonifasi and Friedman from this litigation because the district court lacked personal jurisdiction over them.
When the exception was argued, it was stipulated that both Bonifasi and Friedman, both residents of the State of Arizona, had been present in Louisiana regarding the subject matter of appellant’s petition. It was further stipulated that Bonifasi and Friedman had sent letters and had telephoned into this State.
Personal jurisdiction over nonresidents is governed by LSA-R.S. 13:3201, the so-called “long arm statute”, which states in pertinent part:
“A court may exercise personal jurisdiction over a nonresident who acts directly or by his agent as to a cause of action arising from the nonresident’s (a) transacting any business in the state ...”
Appellant contends that both Bonifasi and Friedman transacted business in Louisiana in that they came here and induced appellant to invest, financially and otherwise, in two corporations, one of which was based in this State, and that they (Bonifasi and Friedman) also contacted appellant by mail and telephone.
While not every act by an out-of-state resident subjects him or her to the jurisdiction of Louisiana courts, the Supreme Court of Louisiana has given R.S. 13:3201(a) a far-reaching interpretation. In Adcock v. Surety Research and Investment Corporation et al, 344 So.2d 969 (La.1977), the Court said:
“The applicable statutory provision was designed to allow the courts of this state to exercise the broadest basis of personal jurisdiction over non-residents permissible under the fourteenth amendment. Such an interpretation of the provision is in line with the intent of the Louisiana Legislature and conforms with the national trend in favor of ever-expanding jurisdictional limits.
“Specifically, the statute extends personal jurisdiction of the courts over nonresidents ‘transacting any business in this state’ for a cause of action arising from such activity. ‘Transacting business’ is interpreted broadly and, according to Comment (d) of the Louisiana State Law Institute appearing beneath the statute, ‘is intended to mean a single transaction of either interstate or intrastate business, and to be as broad as the phrase ‘engaged in a business activity’ of R.S. 13:3471(1).”
See also Simmons v. Travelers Insurance Co., 295 So.2d 560 (La.App. 3rd Cir.1974), and Jackson v. Bishop College, 359 So.2d 704 (La.App. 1st Cir.1978).
Here, inasmuch as both Bonifasi and Friedman admittedly came to Louisiana and made other contacts by mail and telephone concerning the events spelled out in Delaunay’s petition, they did engage in a business activity within the meaning and intent of R.S. 13:3201(a). Traditional notions of fair play and substantial justice demanded by the 14th Amendment are not offended by requiring Bonifasi and Friedman to submit to the jurisdiction of the 24th Judicial District Court.
We annul and set aside the Judgment on Exception rendered on January 3,1985, and we remand this matter to the district court for further proceedings, including the consideration of a pending Exception of Vagueness.
REVERSED AND REMANDED.