GULOTTA, Chief Judge.
The City of New Orleans and the Civil Service Commission appeal from a judgment declaring that New Orleans police officers are entitled to receive adjusted overtime wages based on both their regular pay from the City and their supplemental pay from the State of Louisiana for the period from September 21,1976 to April 19, 1983. Because LSA-R.S. 33:2218.4(D) provides that the additional compensation paid by the State to municipal police officers must be included in determining their “employee benefits”, we conclude that the Civil Service Commission is required to consider state supplemental pay in calculating overtime wages. Accordingly, we affirm.
On September 21, 1977, New Orleans police officers filed a class action to have the City pay their overtime wages for hours worked in excess of forty hours per week based on the total regular salary paid them by the City plus their supplemental pay from the State pursuant to LSA-R.S. 33:2218.2. The practice of the City and the Civil Service Commission had been to calculate the overtime based upon the officers’ City pay only, without including the state supplement.
While the instant suit was pending, the Louisiana Supreme Court held that New Orleans firefighters’ state supplemental pay must be combined with their wages from the City in calculating their overtime pay. New Orleans Firefighters Association v. Civil Service Commission, 422 So. 2d 402 (La.1982). Following the Firefighters decision, the Civil Service Commission amended its rules on April 19, 1983 to include state supplemental pay in the calculation of police officers’ overtime after sixty hours. The pay plan was amended again in April, 1987 to pay the police officers overtime based on their combined state supplemental pay and city pay after they physically work 171 hours during a 28 day cycle. The object of the latest amendment was to comply with the United States Supreme Court’s decision in Garcia v. San Antonio Metro. Transit Authority, 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985), which held that a municipally owned mass transit system was subject to the wage and hour provisions of the Fair Labor Standards Act (29 U.S.C. §§ 201 et seq.).
After the Firefighters decision was rendered, the police officers’ suit proceeded to a trial on the merits on January 16, 1987. In a February 18, 1987 judgment, the trial court decreed that the plaintiff class was entitled to receive adjusted overtime wages calculated on combined city and state pay from September 21, 1976 (a date one year before suit was filed) until April 19, 1983 (the date the Civil Service Commission first amended the pay plan to include state supplemental pay in calculating police officers’ overtime).
In written reasons for judgment, the trial judge concluded that although New Orleans police officers were not covered by a state law similar to that providing for minimum wages for firemen, which had applied in the Firefighters case, the officers were entitled to overtime pay based upon the ambiguity of the New Orleans Civil Service Rules. The judge noted that the rules defined “pay” as “... salary, wages, fees, allowances, and all other forms of valuable consideration” and that several Civil Service announcements for police officer positions contained references to state supplemental pay, thereby leading the officers to believe that they would be paid overtime based upon their city wages as well as the state supplemental pay. According to the trial judge, this ambiguity in the rules must be construed against the City and in favor of the plaintiff class. Because the suit was a wage claim, the trial judge applied the applicable prescriptive statute, LSA-C.C. Art. 3534, to award plaintiffs overtime wages retroactively to September 21, 1976, one year prior to the time they filed suit.
Appealing, both the City and the Civil Service Commission contend that the Commission’s rules clearly provide that overtime compensation is based upon the rate of “base pay”, a figure that prior to April 19, 1983 had always included only the *1386 wages paid by the City and not the supplemental pay provided by the State. Appellants further argue that the Supreme Court’s decision in the Firefighters case is inapposite to the instant case because, unlike New Orleans policemen, New Orleans firefighters in the cited case were covered by a state minimum wage law and the City had contractually agreed to include state supplemental pay in the calculation of the firefighters’ overtime.
AMBIGUITY OF THE CIVIL SERVICE RULES
At the outset, we find merit to the contention that the trial judge erred in concluding that the Civil Service rules for overtime pay are ambiguous. The trial court’s reasoning in this regard is contrary to decisions of this court and the Supreme Court interpreting substantially similar overtime rules.
Although Rule 1, § 34 in the general “Definitions” section of the applicable Civil Service rules broadly defines “pay” as including “all other forms of valuable consideration”, Rule IV, § 10, the specific provision for “Overtime”, states that overtime pay is to be computed on the “rate of base pay”. Rule IV, § 10.2(b) further provides that overtime compensation for police officers is to be paid at time and one half of the employees’ “hourly rate of pay” for hours worked in excess of 40 hours in the regular work week.
In Civil Service Commission v. Rochon, 374 So.2d 164 (La.App. 4th Cir.1979), we construed similar rules of the Civil Service Commission in an action to enjoin the City from unilaterally adding state supplemental payments to the regular salary paid by the City in arriving at a base for computing overtime pay to civil service employees. We noted in Rochon that although Sec. 10.1 of Rule IV did not define the term “base pay”, the Civil Service Commission in computing overtime had always considered only the salary paid by the City and not State supplemental payments.
Likewise, in its Firefighters decision, supra, the Supreme Court stated that the Civil Service Commission’s rules (as amended April 27, 1977) for calculating overtime wages for fire department personnel were not ambiguous in their treatment of the state salary supplement. The Supreme Court specifically noted that the “clear import of these rules, combined with the City’s Civil Service Commission’s consistent action” was that the Commission did not include the state supplement in the “base rate of pay” upon which overtime was calculated. See 422 So.2d 402, 405, Footnote 3.
Although the New Orleans civil service rules interpreted in the instant case were adopted and amended in 1975 (and current as of April 27, 1977), they are substantially the same as the amended rules found to be unambiguous in the Rochon and Firefighters decisions. Despite amendments to the rules through the years, the Commission has consistently used the term “base” pay in determining overtime benefits without including the state supplements in this calculation. Following the holdings of the cited cases, we reject the trial judge’s conclusion that the rules are ambiguous regarding the inclusion of supplemental pay in computing overtime wages.
Citing Rochon, the City has filed an exception of res judicata in this court on the grounds that the plaintiff police officers, who intervened in the Rochon case, cannot now complain that the Commission’s overtime rules are vague or ambiguous. Although we agree that the Rochon decision disposes of the question of ambiguity in the overtime rules, it does not bar the plaintiffs from bringing the instant suit to contest the validity of those rules.
The narrow issue before us in Rochon was whether the City could ignore the Commission’s overtime rules and independently set the amount of overtime pay by combining City and State wages of policemen and firemen. We held that the Civil Service Commission alone had the authority to set overtime compensation, but we left open the question whether the Commission’s unambiguous overtime rules were *1387 valid in their existing form. We specifically noted in Rochon, supra, at p. 167:
“Should the city, or the individuals here involved, be of the opinion, as they apparently are, that under present law the Commission is mandated to consider both City salaries and supplemental State payments as the basis for computing overtime pay, their remedy is to take proper court action against the Commission to enforce that believed mandated duty.”
The instant suit by the plaintiff police officers is precisely the “proper court action” envisioned in the Rochon decision; and the issue before us is whether the Commission’s overtime rules are in contravention of state statutes mandating that supplemental pay be included in the overtime calculation. Accordingly, the City’s exception of res judicata is overruled.
Having so concluded, we are now confronted with the question whether the Commission’s rules relating to overtime wages for police officers are a valid exercise of the Commission’s rulemaking power.
APPLICABILITY OF STATE LAW
Although we do not adopt the trial judge’s reasoning, we conclude that he reached the proper result in this case. Based upon the Supreme Court’s decision in the Firefighters decision, supra, we hold that the Civil Service Commission cannot ignore a positive “legislative commandment” to include state supplements in calculating overtime pay.
In brief and argument, the City and the Commission point out that under LSA-Const. Art. 10, § 10(A)(1) the Commission has “broad and general rule-making” powers to administer and regulate Civil Service, including the power “to adopt a uniform pay and classification plan”. Appellants also cite LSA-Const. Art. 10, § 10(A)(4), which provides that the Commission’s rules “have the effect of law ...” Relying on LSA-Const. Art. 10, § 10(C), the Commission further argues that it cannot be required to change its rules affecting police officers’ wages without the prior approval of the New Orleans City Council.[1]
At the outset, we recognize that the constitutional rulemaking powers of civil service commissions generally supersede conflicting state statutes. See Sewerage & Water Bd. v. Civil Ser. Com’n, 496 So.2d 1019 (La.1986); Hubbard v. Department of City Civil Service, 466 So.2d 772 (La.App. 4th Cir.1985). Nonetheless, there is a different constitutional balance of power between the state legislature and civil service commissions where municipal firefighters and police officers are concerned.
In the Firefighters decision, supra, the Supreme Court held that the Commission’s power to adopt a uniform pay plan must yield to the State’s power to enact minimum wage and labor standard laws for municipal firefighters and police officers to promote sufficient and uniform law enforcement and fire protection in the State. The Supreme Court found sources of the state legislature’s plenary power in this regard in LSA-Const. Art. 3, § 1 and LSA-Const. Art. 6, § 14, which authorizes the legislature to enact laws “... providing for Civil Service, minimum wages, working conditions, and retirement benefits for firemen and municipal policemen ...”, even though such laws may increase the financial burden of the municipality by requiring increased expenditures for wages and working conditions of these public employees.[2]
*1388 Thus, in Firefighters, supra, the Supreme Court held that the firemen’s minimum and supplemental wage laws (LSA-R.S. 33:1991 et seq, and LSA-R.S. 33:2001 et seq.) constituted a valid use of this legislative power and “must be accepted by the Commission in formulating a uniform pay plan”. Citing LSA-R.S. 33:2004(D), which provides that state supplemental pay for firemen shall be included in determining the firefighters’ “employee benefits”, the Supreme Court specifically held that “the right to receive premium pay for overtime work is such a benefit to an employee”. The Firefighters decision further cited several statutory examples and noted that Louisiana courts “... have consistently held in a variety of contexts that state supplements are to be considered as part of the overall level of compensation due to employees.” Based on these state statutes, the Supreme Court concluded that the Civil Service commission must adhere to a “legislative commandment” to include state supplements in calculating overtime pay for New Orleans firefighters.
Similarly, state laws establish minimum wages and maximum hours (LSA-R.S. 33:2211 et seq.) and supplemental compensation (LSA-R.S. 33:2218.1 et seq.) for municipal police officers. Although the minimum wage provisions apply only to police officers in municipalities having a population of not less than 12,000 nor more than 250,000, the supplemental salary provisions apply without limitation to any municipality, including the City of New Orleans. LSA-R.S. 33:2218.1 states that the legislative purpose of the supplemental compensation is "... to promote the public peace and safety by providing better enforcement of law and particularly the enforcement of State laws by municipal police officers and full-time commissioned deputy sheriffs.”
Significantly, LSA-R.S. 33:2218.4(D), which is part of state supplemental compensation law for police officers, further provides as follows:
“The additional compensation paid by the state to municipal police officers as herein provided shall be included in the calculation and computation of the total wages paid to the municipal police officer in the determination of employer contributions to any retirement system or pension fund of which the police officer may be a member as well as in the determination of retirement eligibility and benefits which may accrue to the police officer under any retirement system or pension fund, as well as in the determination of any other employee benefits, sick leave, or disability pay to which the police officer might be entitled.” (Emphasis ours.)
This statutory provision is the police officers’ nearly verbatim counterpart to LSA-R.S. 33:2004(D), which was applied by the Supreme Court in the Firefighters case.[3]
Reading the state supplemental salary law for municipal policemen, particularly LSA-R.S. 33:2218.4(D), in light of the Supreme Court’s decision in Firefighters, we conclude that the New Orleans Civil Service Commission must include the officers’ state supplemental pay in calculating their overtime. By enhancing the earning capacities and benefits of the officers, the state supplemental salary statutes fit within the exception set forth in LSA-Const. Art. 6 § 14, which empowers the state legislature to enact laws “providing for civil service, minimum wages, working conditions, and retirement benefits for firemen and municipal policemen”, even though the affected political subdivision thereby incurs increased expenditures for their wages. Thus, in exercising its power to adopt a uniform pay plan for civil service employ *1389 ees, the Civil Service Commission must defer to the legislature’s will that the state supplemental pay be included in the police officers “employee benefits” such as overtime wages.
We are not persuaded by the City and the Commission’s attempts to distinguish the Firefighters decision from the instant case on the grounds that New Orleans police officers are not subject to a state minimum wage law as are New Orleans firefighters. We recognize that the Supreme Court in Firefighters cited both the state minimum wage laws for firefighters and the supplemental pay statutes in tandem throughout the decision to support its reasoning. Nonetheless, the court recognized that both the minimum and supplemental wage laws are designed to eliminate substandard labor conditions and must be read broadly to further their “remedial and humanitarian” purpose. Firefighters and policemen alike render valuable services to public safety and are subjects of equal concern to the state legislature. Thus, the absence of a state minimum wage law for the City’s police officers does not justify a narrow reading of the Firefighters case to deny plaintiffs their full overtime benefits in the instant case.
Indeed, in Maes v. City of New Orleans, 97 So.2d 856 (La.App.Orl.1957), we held that the state supplemental pay of New Orleans police officers must be classified as part of their salaries in calculating the 5% amount the City deducts from the officers’ gross earnings for payment into the officers’ pension fund as required by LSA-R.S. 33:2286. We specifically stated in Maes, supra, at p. 858:
“The additional pay granted by the State is not in the category of a bonus, gift, or handout, but, on the contrary, is the supplementation of the salary of the police officer and cannot be considered in any other light than as part of the salary”.
Our brothers on the First Circuit in Latino v. City of Bogalusa, 295 So.2d 560 (La.App. 1st Cir.1974) cited Maes as authority for their holding that the state supplemental pay to police officers of the City of Bogalusa must be combined with their pay by the City in computing their overtime under LSA-R.S. 33:2213. We find the Maes and Latino opinions persuasive in the instant case, even though New Orleans policemen are not covered by the state minimum wage law.
Moreover, because the state minimum wage provisions for police officers apply only to cities with populations of less than 250,000 persons, the City and Commission’s restrictive interpretation of the Firefighters decision would lead to the anomalous result of paying increased overtime benefits to police officers in smaller cities and towns subject to the state minimum wage law, while denying full benefits to officers in more densely populated cities with proportionately larger problems of public safety and crime. Such disparate treatment would defeat the legislature’s express policy of furthering public safety and law enforcement through the supplemental pay.
Furthermore, we note that the pertinent rules of the Commission providing for overtime compensation at time and one-half the employee’s base pay after 40 hours for New Orleans police officers are substantially equivalent to the state statute’s minimum wage provisions, which also provide for a forty hour week and overtime at one and one-half time the officer’s salary. See LSA-R.S. 33:2213(A). Thus, we find no compelling reason to distinguish Firefighters from the instant case. Even without a state minimum wage law applicable to New Orleans police officers, LSA-R.S. 33:2218.-4(D), standing alone, constitutes a “legislative commandment” to include the state supplements in the calculation of overtime benefits.
We likewise conclude that the absence of a contract between the City and the police officers’ union concerning overtime benefits is not fatal to plaintiffs’ claim. Although it is true that the City and the New Orleans firefighters’ local in the Firefighters case had a letter agreement to include the supplementary pay in calculating overtime, the force of LSA-R.S. 33:2218.4(D) as the applicable law does not depend upon the will of the parties involved.
*1390 We further find no error in the trial judge’s award of overtime benefits from September 21, 1976 until April 19, 1983. As we noted in New Orleans Firefighters Association v. City Civil Service Commission, 459 So.2d 1204 (La.App. 4th Cir.1984), writ denied 463 So.2d 1319 and 1322 (La.1985), overtime back pay must be calculated retroactively to comply with the mandate of the state statutes. In the instant case, when suit was filed on September 21, 1977, LSA-C.C. Art. 3534 provided for a one year prescriptive period in actions for unpaid wages. Thus, the trial judge properly ordered the retroactive calculation of plaintiffs’ overtime benefits based upon city wages and state supplemental pay from September 21,1976, until the time the Civil Service Commission amended its pay plan.
In so holding, we are mindful that the City is being cast in judgment for millions of dollars at a time of economic hardship for New Orleans and many of its citizens. Nonetheless, the members of the plaintiff class have been deprived of their full overtime benefits for several years. Having proven their claim, they are entitled to recovery of their unpaid wages plus interest.
Accordingly, the judgment is affirmed.
AFFIRMED.

. LSA-Const. Art. 10, § 10(C) provides:
Any rule or determination affecting wages or hours shall have the effect of law and become effective only after approval by the governor or the appropriate governing authority.

. LSA-Const. Art. 6, § 14 provides:
No law requiring increased expenditures for wages, hours, working conditions, pension and retirement benefits, vacation, or sick leave benefits of political subdivision employees, except a law providing for civil service, minimum wages, working conditions, and retirement benefits for firemen and municipal policemen, shall become effective until approved by ordinance enacted by the governing authority of the affected political subdivision or until the legislature appropriates funds for the purpose to the affected political subdivision and only to the extent and amount that such funds are provided. This Section shall not apply to a school board.

. LSA-R.S. 33:2004(D) provides:
The additional compensation paid by the state to municipal or parish fire department employees as provided by this Subpart shall be included in the calculation and computation of the total wages paid to the employee in the determination of employer contributions to any retirement system or pension fund of which such employee may be a member as well as in the determination of retirement eligibility and benefits which may accrue to the employee under any retirement system or pension fund, as well as in the determination of any other employee benefits, sick leave, or disability pay to which the employee might be entitled.