Dear Mr. Harris:
You have requested the opinion of the Attorney General regarding the applicability of R.S. 39:82 to certain financial transactions of a state agency. You requested that we assume that a state agency received federal reimbursements of $2 million for items appropriately classified as federal expenditures. At the end of the fiscal year, the agency had $2 million in federal revenues and $2 million in federal expenditures. After June 30, but before the 45 day cut-off for the fiscal year, the agency received state pooled funds totaling $2.2 million from another agency. The first agency reclassified the $2 million of federal expenditures as $2 million of state expenditures, allowing the federal funds to be retained as reserve for continuing operations. Your questions are as follows:
 Question 1: Does a state agency violate LSA-R.S. 39:82 or any other law when the agency expends state funds after the end of the fiscal year, although no bona fide liability existed at the fiscal year end?
 Question 2: Does a state agency violate LSA-R.S. 39:82 or any other law when the agency pays federal program expenditures with state funds by reclassifying existing federal expenditures as state expenditures for the sole purpose of preventing the funds from being remitted as surplus to the state General Fund.
R.S. 39:82 provides, in pertinent part, as follows:
 "A. All cash balances occurring from appropriations made by legislative act or by the Interim Emergency Board regardless of date of passage to any state agency for which no bona fide liability exists on the last day of each fiscal year shall be remitted to the state treasurer by the fifteenth day following the last day of the fiscal year. Any appropriations including those made by the Interim Emergency Board of the proceeding fiscal year remaining at the end of the fiscal year against which bona fide liabilities existed as of the last day of the fiscal year may be withdrawn from the state treasury during the forty-five day period after the last day of the fiscal year only as such liabilities come due for payment.
* * *
 C. Upon written approval of the commissioner of administration, any federal funds and any state funds, including self-generated, interagency, and special purpose funds, appropriated during a fiscal year specifically for the purpose of matching federal grants may be retained and carried forward into the ensuing year's appropriation for that state agency.
 D. No state agency receiving an appropriation in the general appropriations act shall obligate any such funds except as provided for in this Section after the close of business on the last day of each fiscal year's (Emphasis supplied)
In answer to your first question, R.S. 39:82(A) clearly provides that cash balances occurring from appropriations made by legislative act or by the Interim Emergency Board, for which no bona fide liability exists on the last day of each fiscal year, must be remitted to the state treasurer by the fifteenth day following the last day of the fiscal year. An exception is provided in Section 82(c) where any federal funds and any state funds, including self-generated, interagency and special purpose funds are appropriated specifically for the purpose of matching federal grants. In that case, and upon written approval of the commissioner of administration, these funds may be retained and carried forward. Section 82(A) further provides that appropriations remaining at the end of the fiscal year against which bona fide liabilities existed as of the last day of the fiscal year may be withdrawn from the state treasury during the forty-five day period after the last day of the fiscal year only as such liabilities come due for payment. Thus, the answer to your first question is yes.
In answer to your second question, as noted above, R.S. 39:82(A) requires cash balances against which no bona fide liability exists on the last day of the fiscal year to be remitted to the state treasurer.
R.S. 39:78 provides as follows:
 "A. The commissioner of administration shall, under authority of the governor and consist with the provisions of this Chapter, prescribe and cause to be installed and maintained a uniform system of accounting in all state agencies. Should the legislative auditor find that these accounting procedures do not adequately reflect the financial activities of the state agencies, he shall so advise the legislature at its next regular session in a detailed report outlining said inadequacies.
 B. There are to be appropriate program structures specified for each budget unit and that the necessary accounting adjustments and reports are to be incorporated into the accounting system of the state by the division of administration so that the financial information is reflective of the program operations of the budget units as they are specified in the appropriation acts.
 C. Any provision of this Chapter to the contrary notwithstanding, the governor may, by executive order, modify or revise procedures, systems, and practices of accounting and fiscal reporting as, in his opinion, are in the best interest of the state."
The payment of federal program expenditures with state funds by reclassifying existing federal expenditures constitutes a long-established practice within the uniform system of accounting in many state agencies, including the Department of Health and Hospitals, the Department of Transportation and Development, and the Division of Administration. A similar type situation occurs with other state agencies which receive federal funds in that after state funds are expended and then federal funds are received, the state agency issues a reverse warrant; those agencies include the Department of Natural Resources and the Department of Environmental Quality. We have examined state and federal statutory and constitutional provisions and can find nothing therein to prohibit either of these practices.
Neither are we aware of any accounting or auditing principle, rule or regulation which enjoins this procedure. While you brought to our attention the "Common Rule for Uniform Administrative Requirements for Grants and Cooperative Agreements with State and Local Governments", Subpart C(the "Rule"), we have been advised that this is not an accounting rule, rather, this was an informal rule governing the timing of receipt of funds from the federal government and actual disbursement of same when advance payment procedures are used. We further understand the Rule is no longer in effect, having been superseded by the Cash Management Improvement Act of 1990, P.L. 101-453, as amended in 1992, P.L. 102-589.
It is well established by the jurisprudence of this state that a statutory provision should be construed along with the remainder of the statute and in connection with all laws on the same subject matter. Melancon v. Mizell, 216 La. 711, 44 So.2d 826
(1950) and LSA-C.C. art 13.
Assuming an ambiguity results in construing R.S. 39:78 and 82 in pari materia, the doctrine of contemporaneous construction is applicable. As you are aware, under that doctrine the construction given to a statute (e.g., R.S. 39:78) by the department charged with its execution (e.g., the Division of Administration) must be given very substantial weight. This is especially true when such construction has been applied and practiced over a period of many years. State v. U-Drive It CarCo., 79 So.2d 590 (La.App. Orl. 1955), writ denied. Specifically, our courts have held that the contemporaneous interpretation of a statute by a department of finance should be accorded great weight. Maes v. City of New Orleans, 97 So.2d 856
(La.App. Orl. 1957), rehearing denied.
Based on the above noted statutory and jurisprudential citations, and the principles espoused therein, we are of the opinion that the reclassification averred to by you in your second question is not legally prohibited. Because the reclassification is not prohibited, a state agency would not violate R.S. 39:82 when it refinances federal program expenditures reclassified as state expenditures with state funds. Parenthetically, it should be noted that R.S. 39:78 provides that, should the legislative auditor find that certain accounting procedures do not adequately reflect the financial activities of state agencies, he should advise the legislature at its next regular session in a detailed report outlining any inadequacies. In the event the auditor so finds with regard to the method of reclassification of expenditures set forth hereinabove, we recommend that he notify the legislature pursuant to Section 78(A).
Should you have any additional questions concerning this matter, please do not hesitate to contact me.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ______________________ MARTHA S. HESS Assistant Attorney General