Dear Representative Faucheux:
You have requested this office to advise you if Attorney General Opinion 91-0169 is still a valid interpretation of current law. Our response to your question is in the affirmative.
In Opinion 91-0169, this office determined that a police officer's overtime compensation under R.S. 33:2218.2 must be computed on his base salary plus his state supplemental pay authorized by R.S.33:2218.2. The author of Opinion 91-0169 cited the case ofLatino v. City of Bogalusa, 295 So.2d 560 (La.App. 1st Cir. 1974), where the First Circuit Court of Appeal held that city policemen were entitled to have their overtime pay computed not only on the basis of their city salary but also with the inclusion of their supplemental pay. In further support, the author cited the case of Bruno v. City of New Orleans, 523 So.2d 1384
(La.App. 4th Cir. 1988), where the Fourth Circuit held that the New Orleans Civil Service Commission had to include police officers' state supplemental pay as well as their regular pay from the City in calculating overtime wages.
The recent cases of State Civil Service Commission v. Departmentof Public Safety Director, et al., 873 So.2d 636 (La.App. 4th Cir. 2004) and New Orleans Firefighters Local 632, et al.,876 So.2d 211 (La.App. 4th Cir. 2004) have both cited Latino, supra, with approval. Further, no legislative amendments to either cited statute have been made which would alter our opinion. Thus, we again determine that state supplemental pay under R.S. 33:2218.2
must be added to a police officer's regular compensation to arrive at the rate of pay for overtime compensation under R.S. 33:2213.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: _____________________________________
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams