403 So.2d 842 (1981)
Walter E. WILLIAMS, et al., Plaintiff-Defendants in Reconvention-Appellees,
v.
The CITY OF WEST MONROE, Defendant-Plaintiff in Reconvention-Appellant.
No. 14615.
Court of Appeal of Louisiana, Second Circuit.
August 25, 1981.
James A. Norris, Jr., West Monroe, for defendant-plaintiff in reconvention-appellant.
Avant, Wall, Thomas, Riche & Falcon by Floyd J. Falcon, Jr., Baton Rouge, for plaintiffs-defendants in reconvention-appellees.
*843 Before HALL, MARVIN and JASPER E. JONES, JJ.
HALL, Judge.
This is a dispute over the proper method of calculating holiday pay, overtime pay, and longevity pay for firefighters employed by the defendant-municipality. Plaintiffs, 17 full-time, salaried firemen employed by the defendant, filed suit seeking longevity, overtime, and holiday pay allegedly due each plaintiff because of the city's erroneous calculation of such benefits. The city answered the suit denying that it owed the plaintiffs any back pay and reconvened seeking reimbursement for overpayment made because of the miscalculation of holiday and overtime pay. The trial court rendered judgment in favor of plaintiffs and the city appealed.
Plaintiffs contend state supplemental pay should be included in the calculation of overtime pay, holiday pay, and longevity increases, and that accrued longevity pay should be included in the calculation of overtime and holiday pay. The city's contentions are to the contrary.
After thoroughly reviewing the pertinent statutes, the trial court concluded that "salary" for purposes of calculating longevity pay includes state supplemental pay. For purposes of calculating overtime and holiday pay, "usual salary" includes state supplemental pay and longevity pay. The conclusions reached by the trial court are correct and we affirm the judgment.
No factual issues are presented, the parties having stipulated all pertinent facts to the trial court. It was stipulated that all claims for wages earned prior to September 8, 1976 (one year prior to the date suit was filed) have prescribed. See LSA-C.C. Art. 3534 and Devillier v. City of Opelousas, 247 So.2d 412 (La.App.3d Cir. 1971). At all times pertinent to this suit, the city included longevity pay but not state supplemental pay in calculating holiday pay; the city included both supplemental pay and longevity pay in calculating overtime pay. The city has never included state supplemental pay in computing longevity pay.
A determination of the issues presented in this case depends on construction of the statutes governing longevity, overtime, and holiday pay for employees of a municipal fire department.
LSA-R.S. 33:1992 establishes a schedule of minimum salaries which must be paid to members of certain municipal fire departments and contains the following language concerning longevity pay:
"From and after the first day of August, 1962, each member of the fire department who has had three years continuous service shall receive an increase in salary of two percent and shall thereafter receive an increase in salary of two percent for each year of additional service up to and including twenty years. Both the base pay and accrued longevity shall be used in computing such longevity pay."
LSA-R.S. 33:1994 governs payment of overtime wages:
"A. The maximum hours of work required of firemen covered by this Sub-part in cities having a population of thirteen thousand or more and that of all parish and fire protection district paid firemen in any calendar week shall be sixty hours. However, in case of emergencies, they may be required to work in excess of the maximum hours. For each hour so worked in excess of sixty hours in any calendar week a fireman shall be paid at the rate of one and one-half times his usual salary, to be determined by reducing his average monthly salary to an hourly scale...."
The rate of pay for firemen required to work on certain legal holidays is governed by LSA-R.S. 33:1999:
"Firemen in municipalities, parishes and fire protection districts who are required to work on any or all of certain legal holidays, namely Christmas, New Year's Day, July 4, Labor Day, Thanksgiving Day, and National Memorial Day, shall receive in addition to the compensation to which such employee would be under laws and pay plans now in effect, compensation at the rate of one times his *844 usual salary, to be determined by reducing his average monthly salary to an hourly scale; provided that in lieu of additional compensation, governing authorities, at their option, may grant fire department employees time off from work for which such additional compensation would be due and payable to said employees."
LSA-R.S. 33:2002, et seq. provides for payment of extra compensation (supplemental pay) by the state to be used to supplement the salaries of employees of municipal fire departments. LSA-R.S. 33:2004D indicates the manner in which state supplemental pay is to affect other employee benefits:
"D. The additional compensation paid by the state to municipal or parish fire department employees as provided by this Subpart shall be included in the calculation and computation of the total wages paid to the employee in the determination of employer contributions to any retirement system or pension fund of which such employee may be a member as well as in the determination of retirement eligibility and benefits which may accrue to the employee under any retirement system or pension fund, as well as in the determination of any other employee benefits, sick leave, or disability pay to which the employee might be entitled."
The city contends that state supplemental pay does not form part of a fireman's "salary" as that term is used in LSA-R.S. 33:1992 or part of a fireman's "usual salary" as that term is used in LSA-R.S. 33:1994 and 1999.
The regular and usual monthly salary of a fireman consists of: (1) a salary paid by the employing municipality which must be at least the statutory minimum and may include any additional amount set by the municipality, and which must include the statutorily required accrued longevity increases; and (2) a supplemental salary paid by the state.
LSA-R.S. 33:2004D provides that the additional compensation paid by the state shall be included in the calculation and computation of total wages paid to the employee in the determination of any employee benefits. Because the state supplemental pay is part of the fireman's regular and usual monthly salary, and because Section 2004D requires that state supplemental pay be considered as part of the employee's total wages or salary, state supplemental pay must be taken into account in calculating longevity pay, holiday pay and overtime pay, all of which are to be calculated on the basis of the employee's salary.
In Hebbler v. New Orleans Fire Department, 310 So.2d 113 (La.1975), the court construed the term "salaries and wages" as used in a statute providing for restoration of salaries withheld during a period of illegal separation to include state supplemental pay provided for firemen in LSA-R.S. 33:2002 et seq.
The court in Latino v. City of Bogalusa, 295 So.2d 560 (La.App. 1st Cir. 1974) determined that "usual salary" as used in LSA-R.S. 33:2213, providing for overtime pay for police officers in language almost identical to that contained in LSA-R.S. 33:1994, clearly included the extra compensation paid to policemen by the state. In Maes v. City of New Orleans, 97 So.2d 856 (Orl.App. 1957), the term "salaries" as used in a statute requiring that a percentage of the salaries of employees of the New Orleans Police Department be deducted from the salaries and paid into the police pension fund, was held to include state supplemental pay. The decisions in these cases lend clear support to the conclusions reached in this case.
The city argues that state supplemental pay should not be considered in calculating longevity pay because LSA-R.S. 33:1992 provides that both "base pay and accrued longevity shall be used in computing such longevity pay." It is the city's contention that base pay means only the salary paid firemen by the city and not the salary paid by the state.
There is no basis for the city's restrictive definition of "base pay" as used in the longevity statute. Prior to 1968, this section provided for an annual increase in salary *845 of two percent. The language quoted above was added in 1968 to provide that accrued longevity be taken into account as part of the employee's salary when each annual increase is calculated. The term "base pay" is used to distinguish salary otherwise payable from accrued longevity. The provision, in effect, makes accrued longevity a part of the employee's total salary and was designed to increase longevity pay, not to limit it. The term "base pay" is in no way used to distinguish city pay from state pay or to exclude state pay from the calculation of longevity pay based on the employee's total salary. "Base pay" as used in this statute means base salary and includes the base salary paid by both the city and the state.
When calculating holiday and overtime pay, accrued longevity must be taken into account as part of a fireman's "usual salary." As noted above, the provision of LSA-R.S. 33:1992 which was added in 1968 makes accrued longevity part of a fireman's total salary. The statute requires that a fireman with over three years continuous service receive annual increases in salary and these increases must be considered to be a part of the employee's regular and usual salary.
We conclude that the trial court was correct in determining that city pay, state pay, and accrued longevity must be taken into account in calculating longevity pay. Additionally, the court was correct in concluding that "usual salary" as used in the statutes providing for overtime and holiday pay includes state supplemental pay and longevity pay.
For the reasons expressed in this opinion, the judgment of the trial court awarding each plaintiff a money sum based on the proper calculation of longevity pay, holiday pay, and overtime pay is affirmed. Costs of this appeal are assessed to the defendant, City of West Monroe.
Affirmed.