LOBRANO, Judge.
On September 21, 1977 New Orleans police officers filed a class action seeking the inclusion of state supplemental pay in their base pay for purposes of determining their overtime wages. On April 12, 1988 this court affirmed the trial court judgment which agreed with the police officers. Bruno v. City of New Orleans, 523 So.2d 1384 (La.App. 4th Cir.1988), writs granted in part and denied in part, 533 So.2d 347 (La.1988).[1] The ease was subsequently remanded to the trial court for an accounting of the overtime payments due. The present dispute involves disagreement between the parties with respect to that accounting.
In December of 1989 the plaintiffs filed a motion with the trial court to appoint an independent certified public accountant “to have access to, obtain and audit the records *11 of the City of New Orleans and compute the actual total amount of the final [judgment.” [2] In their memorandum in support of that motion the plaintiffs argued, inter alia, that the City refused to include or recalculate what is termed “premium pay.” Premium pay is the extra pay given to those officers who must work specific holidays. In response, the City argued that this court’s holding is restricted only to overtime pay as defined by the Civil Service Rules, i.e. those hours worked in excess of forty hours per week, and not the extra pay given for working holidays.
The trial court held that “the hours worked by members of the plaintiff class, for which overtime benefits for holidays were paid to members of the plaintiff class during the period of time covered by the judgment on the merits in this matter are hereby declared to constitute overtime hours.... ”
The City perfects this appeal. Citing our previous holding in this matter and the Civil Service rule defining “overtime pay”, the City argues that the relief sought by the plaintiffs is beyond the scope of their original lawsuit. In further support it refers to plaintiffs’ original petition whereby they sought a recalculation of their overtime pay based on the entirety of their salary, including the state supplemental pay. The City notes the absence of the term “premium pay” in the original petition.
The plaintiffs urge that the City cannot escape its responsibility pursuant to this Court’s judgment by the use of grammatical technicalities. That is, they urge that whatever the extra wages for holidays are called, state supplemental pay must be included in its computations.
Thus, the issue posed by the City is whether so-called “holiday pay” falls within the ambit of this Court’s previous ruling with respect to overtime pay, whereas the issue posed by plaintiffs is whether state supplemental pay should be included as part of the base pay when computing “holiday pay”.
Technically, the City’s argument has some merit because the initial issue posed in this litigation was whether state supplemental pay should be included as part of base pay in computing overtime wages. However, for the following reasons we do not believe our initial holding is so limited as to preclude our consideration of the issue as presented by the plaintiffs.
In Bruno, supra, we relied on the legislature’s plenary power to provide for minimum pay for municipal police officers. Relying on the specific wording of La.R.S. 33:2218.4(D),[3] we concluded that “in exercising its power to adopt a uniform pay plan for civil service employees, the Civil Service Commission must defer to the legislature’s will that the state supplemental pay be included in the police officers ‘employee benefits’ such as overtime wages.” Bruno v. City of New Orleans, supra, at 1388-89. We then held that overtime pay was an employee benefit which required the inclusion of state supplemental as part of base pay.
At issue in the instant appeal is Civil Service Rule IV, Section 10.5 which provides:
“(a) If it becomes necessary for an employee to work on an official City holiday as designated by the City Council, the appointing authority should adjust the employee’s work schedule to allow another day off during that work week as a substitution for the holiday.
(b) If such a substitution is not possible then for working on the holiday the *12 employee shall be paid double time. Double time is computed by multiplying the base hourly rate of pay by 2. However, on New Years Day, Mardi Gras, Independence Day, Labor Day, Thanksgiving Day, Christmas Day, or on their days of observance as officially designated by the City Council, employees who are required to work shall be paid double time and one-half. In no event shall any employee be paid double time and one-half for 2 consecutive days. Double time and one-half is computed by multiplying the base hourly rate of pay by 2.5. (Amended July 14, 1977, February 19, 1979 and effective February 26, 1979.)
(c) If, because of a unique work schedule, any City department or agency is unable to follow Section 10.5(a) and (b), another method of holiday compensation may be followed if approved by the Commission.” (Emphasis added)
The City argues that this rule does not involve overtime pay as defined by Civil Service Rule IV, Section 10.2(a) and (b),[4] and thus should not be included as part of the determinative computations necessitated by our premium judgment. We disagree.
Overtime pay is based on an employee’s hourly rate of pay which we held to include state supplemental pay because it is an “employee benefit” within the meaning of R.S. 33:2218.4(D). An employee’s wages for working holidays is either double time or double time and a half of his “base hourly pay.” Because this extra pay is also an “employee benefit” our previous ruling supports the conclusion that state supplemental pay should also be included in determining holiday pay. Although it may not technically fall within the Civil Service’s definition of overtime, there can be no doubt that it is an employee benefit within the contemplation of R.S. 33:2218.-4(D). A contrary holding would be inconsistent with the logic of our original opinion, as well as the holding in New Orleans Firefighters Association v. Civil Service Commission, 422 So.2d 402 (La.1982).
We therefore affirm the trial court and hold that state supplemental pay must be included in the base hourly pay when computing an employee’s holiday wages as set forth in Rule IV, Sections 10.5(a) and (b).
AFFIRMED.

. The Supreme Court granted writs only with respect to the review of attorney fees. That issue has long been resolved and is not part of the instant appeal.

. It was alleged that the accountant previously appointed by the Court was provided incomplete information by the City and could not make an accurate calculation.

. La.R.S. 33:2218.4(D) provides:
“The additional compensation paid by the state to municipal police officers as herein provided shall be included in the calculation and computation of the total wages paid to the municipal police officer in the determination of employer contributions to any retirement system or pension fund of which the police officer may be a member as well as in the determination of retirement eligibility and benefits which may accrue to the police officer under any retirement system or pension fund, as well as in the determination of any other employee benefits, sick leave, or disability pay to which the police officer might be entitled.” “(Emphasis ours)”

. Rule IV, Sections 10.2(a) and (b) provide:
"(a) Except as hereinafter provided, overtime compensation will be paid at time and one-half the employee's hourly rate of pay for all hours worked in excess of 8 hours, but only after the employee has worked a regular day of no less than 8 hours in a 24 hour period.
(b) Overtime compensation will be paid at time and one-half the employee’s hourly rate of pay for all hours worked beyond 40 hours in the regular work week.”