FREDERICKA HOMBERG WICKER, Judge.
12This is an appeal by plaintiff, James Wright, from a summary judgment granted in favor of defendant, D & C Foods, Inc. (incorrectly and improperly named Wendy’s International, Inc., d/b/a Wendy’s Old Fashioned Hamburgers/Wendy’s). For reasons that follow, we affirm.
James Wright filed this law suit against Wendy’s International, Inc., d/b/a Wendy’s Old Fashioned Hamburgers/Wendy’s, as well as several other defendants and insurance companies, for injuries sustained in a slip and fall at Wendy’s in the food court of the Esplanade Mall in Kenner, Louisiana. D & C Foods, Inc., the franchisee of the Wendy’s where the fall took place, answered the petition alleging that it was incorrectly named and admitting that it is the proper party in interest. D & C Foods also filed a motion for summary judgment. The trial court granted D & C Foods’ motion for summary judgment and that ruling forms the basis of this appeal.
| aMr. Wright’s deposition is contained in the record. He testified that he went to the Esplanade Mall in Kenner to pick up a sandwich for his wife at Chick-Fil-A. He then went to the Wendy’s counter in the food court and waited in line for about ten minutes before his turn came to place his order for French fries. He moved down *761 the counter to his left to wait for his order to be filled. After receiving the bag of French fries, Mr. Wright took one step backwards and slipped and fell in a puddle of clear liquid.
Mr. Wright testified that the distance from the point where he first entered the Wendy’s line to order and the point where he fell was about eight feet. He also testified that during the ten to fifteen minutes he was standing at the Wendy’s counter, he did not see or hear anyone spill anything on the floor. He did not see anyone slip, nor did he see the liquid on the floor until after he fell. However, after the fall, a customer in line in front of Mr. Wright came over to tell him that she had almost slipped as she left the Wendy’s counter.
At the hearing on the motion for summary judgment, defendants argued successfully that the plaintiff failed to show constructive notice of a dangerous condition as required by La. R.S. 9:2800.6. Plaintiffs argument to the trial court, and in brief to this court, is that constructive notice can be inferred from the fact that employees of the defendant were able to see the spill, but made no attempt to clean up the spill or warn customers of its existence.
The applicable law is found in La. C.C.P. art. 966, which places a burden on the mover to show there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. However, La. C.C.P. art. 966(2) provides that:
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden |4on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
In our review of the grant of a summary judgment, we must refer to the substantive law applicable to the underlying claim. Boeshans v. Petsmart, Inc., 06-606 (La. App. 5 Cir. 1/16/07), 951 So.2d 414. D & C Foods is a merchant to which La. R.S. 9:2800.6 applies. Pursuant to that statute, an essential element of a cause of action against a merchant in a slip and fall case requires proof that the merchant either created, or had prior actual or constructive notice of the condition that caused the damage. Oster v. Winn-Dixie, 04-117 (La.App. 5 Cir. 8/31/04), 881 So.2d 1257; writ denied, 04-2414 (La.12/17/04), 888 So.2d 867.
La. R.S. 9:2800.6 C(l) defines constructive notice as follows:
“Constructive notice” means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
Because the statute is clear and unambiguous and contains no provision for shifting the burden to the defendant to prove his lack of culpability, it is the plaintiffs burden to prove each element of his cause of action under La. R.S. 9:2800.6(B). White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081, 1082. When *762 the plaintiff relies on constructive notice, which includes a mandatory temporal element, the plaintiff must come forward with positive evidence showing that the condition that caused the damage existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence. Id.
IfiThis court has followed White in holding that a simple showing that the condition existed is insufficient for a finding of liability and recovery. A plaintiff must make a showing that the condition existed for some time before the fall occurred. Menjivar v. Rouse’s Enterprises, L.L.C., 03-0808 (La.App. 5 Cir. 12/30/03), 865 So.2d 176.
Our review of the grant of a summary judgment is de novo. Boeshans v. PetsMart, Inc., supra. Mr. Wright, plaintiff, testified in his deposition that he was in the food court area of the mall for about fifteen minutes, in line at defendant’s counter for about ten to fifteen more before the incident occurred. He also stated that the liquid was about eight feet away from the counter. However, he testified that during that time he did not hear or see anyone drop anything on the floor. Further, he did not see the liquid on the floor until he slipped in it. There were no witnesses to establish a time line between when the liquid was spilled and when the plaintiff slipped. Thus, there is no evidence as to how long the liquid was on the floor. Further, because there has been no time line presented by plaintiff, there is no evidence •to support plaintiffs contention that the Wendy’s employees must have seen the liquid. In the absence of any proof that defendant had actual notice of the alleged defective condition, plaintiff was required to come forward with proof that she could satisfy her evidentiary burden of establishing that defendant had constructive notice. Menjivar v. Rouse’s Enterprises, L.L.C., supra.
In addition, it is inherent in the applicable statute that the spill responsible for plaintiffs fall occurred on defendant’s premises. Plaintiff has established that this incident occurred in a food court in the Esplanade Mall. There has been no showing whether Wendy’s or the Esplanade Mall was responsible for cleaning the area in which plaintiff fell. The only testimony in that regard was that the spill was | fiabout eight feet in front of the Wendy’s counter. There is nothing further to connect the spill to Wendy’s.
Consequently, we find that Mr. Wright has failed to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial regarding the temporal element of notice, and that the spill occurred on defendant’s premises, thereby giving defendant constructive notice.
Therefore, under the law' there is no genuine issue of material fact remaining to be decided that would defeat D & C Foods’ motion for summary judgment. Accordingly, we find the trial court’s judgment is correct and we affirm.

AFFIRMED.