FREDERICKA HOMBERG WICKER, Judge.
| gPlaintiffs, Michael Dunn and similarly situated firefighters of Kenner, appeal the trial court’s judgment on cross-motions for summary judgment on the issue of defendant City of Kenner’s liability for past pension contributions. The trial court denied plaintiffs’ Cross-Motion for Summary Judgment and granted Kenner’s Motion for Summary Judgment. For the following reasons, we vacate the trial court’s grant of Kenner’s Motion for Summary Judgment with regard to the four particular types of compensation at issue in this case, we reverse the trial court’s denial of plaintiffs’ Cross-Motion for Summary Judgment with regard to the four particular types of compensation at issue in this case, and render summary judgment in favor of plaintiffs with regard to the four particular types of compensation at issue in this case.

FACTUAL AND PROCEDURAL HISTORY

This case concerns the accurate computation of retirement benefits for firefighters in the City of Kenner. In 1999, the City of Kenner merged its municipal retirement system for firefighters with the statewide Firefighters’ |sRetirement System (“FRS”). Under the earlier municipal retirement system, Kenner calculated firefighters’ pension contributions based on base pay and supplemental pay, but did not include educational incentive pay, seniority incentive pay, acting pay, and holiday pay. After the merger, Kenner made no changes in its method’ of calculating pension contributions. Kenner’s finance director, Duke McConnell, testified at his deposition that Kenner’s officials were unaware that any change in the method of calculating pensions was necessary under the new statewide retirement system.
*1067 On May 7, 2010, individual members of the Kenner Fire Fighters Association Local 1427 (“the Firefighters”) filed a class action lawsuit against Kenner. In their petition, the Firefighters sought retroactive adjustments and corrections to Ken-ner’s pension contributions for Kenner’s failure to consider educational incentive pay, seniority incentive pay, acting pay, and holiday pay as “earnable compensation” for the purpose of calculating pension contributions.[1]
In July 2010, Kenner began remitting pension contributions on holiday and acting pay, but did not make retroactive adjustments or begin remitting pension contributions on either educational incentive pay or seniority incentive pay. On September 13, 2011, the trial court granted the Firefighters leave to amend the petition to name individual firefighters affected by Kenner’s alleged misconduct.
On April 16, 2012, the Firefighters filed a Motion for Partial Summary Judgment as to Liability. On October 12, 2012, the trial court denied the Firefighters’ motion as to the pension claims at issue in this case.[2] The trial court |4found that “these payments are not included as ‘earning or earned or earnable compensation’ pursuant to LA R.S. 11:233.”
On October 24, 2013, Kenner filed a Motion for Summary Judgment on the pension claims. On November 12, 2013, the Firefighters filed a Cross-Motion for Summary Judgment on the same issues.
On December 17, 2013, the trial court granted Kenner’s Motion for Summary Judgment and denied the Firefighters’ Cross-Motion for Summary Judgment, dismissing the remaining pension claims. As explained by the trial court:
[M]y position is is (sic) that these matters I choose to interpret in a rather strict fashion. If the statute doesn’t say it, okay, I’m not inclined to include it, regardless of how any public entity may feel about voluntarily contributing anything to any pension.
The judgment signed on December 17, 2013 found that acting pay, seniority incentive pay, educational incentive pay, and holiday pay “are not included as earnable compensation pursuant to La. R.S. 11:233,” and therefore should not be considered in calculating the Firefighters’ pension contributions. The Firefighters appeal from this judgment.

Assignments of Error

The appellant Firefighters assign the following two errors with regard to the trial court’s December 17, 2013 judgment:
1. The trial court erred in its restrictive interpretation that La. R.S. 11:233 excludes holiday pay, educational incentive pay, “acting” pay and seniority pay for purposes of' calculating amounts of employer contributions when this law directs “earnable compensation, or its equivalent shall mean the full amount earned by an employee for a given pay period.” Only particular exclusions apply, none of which are applicable in this case.
*1068 2. The trial court erred in granting the City’s Motion for Summary Judgment on liability, thereby ignoring the City’s failure to retroactively correct the employer’s pension contributions when the City has evaluated | Sits liability owed from the date the City began to include holiday and “acting” pay in its computation for pension contributions to the Louisiana Firefighters’ Retirement system.
Both of the Firefighters’ assignments of error relate to whether educational incentive pay, seniority incentive pay, acting pay, and holiday pay must be included as “earnable compensation” for purposes of calculating pension contributions pursuant to La. R.S. 11:233. For the reasons discussed below, upon de novo review, we find that no genuine issues of material fact remain as to whether educational incentive pay, seniority incentive pay, acting pay, and holiday pay must be included as “earn-able compensation” for purposes of calculating pension contributions pursuant to La. R.S. 11:233, and that the Firefighters are entitled to judgment as a matter of law. Therefore, we vacate the trial court’s grant of Kenner’s Motion for Summary Judgment. Further, we reverse the trial court’s denial of the Firefighters’ Motion for Summary Judgment with regard to educational incentive pay, seniority incentive pay, acting pay, and holiday pay, and render summary judgment in favor of the Firefighters with regard to educational incentive pay, seniority incentive pay, acting pay, and holiday pay.

DISCUSSION

Law Relevant to the Case

This appeal turns on the proper interpretation of the term “earnable compensation” as it appears in La. R.S. 11:233. The Firefighters argue that all four types of compensation - at issue in this case should be considered “earnable compensation” for purposes of calculating their pension contributions under La. R.S. 11:233. Kenner argues that none of the types of compensation at issue in this case are “earnable compensation” under La. R.S. 11:233.
In Louisiana, public retirement law is generally governed by Title 11 of the Louisiana Revised Statutes. As elucidated in La. R.S. 11:2, Title 11 was enacted to J^consolidate state law on retirement benefits for government employees and ensure compliance with Article X, Section 29(E) of the Louisiana Constitution, which requires that “[t]he actuarial soundness of state and statewide retirement systems shall be attained and maintained and the legislature shall establish, by law, for each state or statewide retirement system, the particular method of actuarial valuation to be employed for purposes of this Section.”[3]
Chapter 4 of Title 11 is titled “Provisions Affecting More Than One System.” La. R.S. 11:233(A), which falls under Chapter 4, defines “earnable compensation” for purposes of calculation of the amount of pension contributions for the State Firefighters’ Retirement System, the Sheriffs’ Pension and Relief Fund, the Parochial Employees’ Retirement' System of Louisiana, and the Assessors Retirement fund. The inclusion or exclusion of various categories of renumeration as “earnable compensation” affects both an employer’s and an employee’s required contributions to retirement benefits under La. R.S. 11:62.[4]
La. R.S. 11:233(B)(1) states that:
*1069 Except as provided in Paragraph (4) of this subsection ... for purposes of calculation of the amount of contributions payable by an employer and employee ... earnings or earned or earnable compensation, or its equivalent, shall mean the full amount earned by an employee for a given pay period.
(Emphasis added.)
La. R.S. 11:233(B)(2) subsequently lists a number of types of compensation which are specifically excluded from the definition of “earnable compensation” for purposes of calculating pension contributions:
(a) Overtime unless it is required to be worked in the employee’s regular tour of duty;
(b) Operating expenses;
(c) Use of automobile or motor vehicles;
[7(d) The cost of any insurance paid by the employer;
(e) Any allowance for expenses incurred as an incident of employment;
(f) Payments made in lieu of unused annual or sick leave; and
(g) Bonuses, terminal pay, severance pay, deferred salary, or any other type of irregular or nonrecurring payment.
(Emphasis added.)
Chapter 9 of Title 11 governs public retirement law for employees who are part of Louisiana’s Firefighters’ Retirement System.[5] La. R.S. 11:2252, which falls under Chapter 9, specifically defines words and phrases used within the chapter. With regard to “earnable compensation,” La. R.S. ll:2252(9)(a) provides that “ “[e]arnable compensation” shall mean the full amount of compensation earned by an employee on a regular tour of duty, including supplemental pay ... but shall not include overtime.” La. R.S. ll:2252(9)(b) goes on to state:
Notwithstanding the provisions of R.S. ll:233(B)(2)(g), any participating employer that defers the payment of regularly scheduled holiday pay and then pays such compensation to its employees in the same calendar year as its deferral in the form of a one-time annual payment shall include such deferred compensation in the employees’ earnable compensation for the purpose of calculating and paying employee contributions to this system.
Louisiana appellate courts have yet to address the interpretation of La. R.S. 11:233 or the meaning of “earnable compensation” within the context of the Firefighters’ Retirement System. Therefore, the interpretation of La. R.S. 11:233 is a matter of first impression for this Court.
In general, statutory interpretation must begin with the language of the statute itself. David v. Our Lady of the Lake Hosp., Inc., 02-2675 (La.7/2/03), 849 So.2d 38, 46. When a law is clear and unambiguous, and its application does not |slead to absurd consequences, it will be applied as written and without further interpretation made in search of the legislative intent. La. C.C. art. 9; La. R.S. 1:4. Louisiana courts have consistently held that ambigui *1070 ties in pension statutes must be resolved in favor of the intended beneficiaries. Swift v. State of Louisiana, 342 So.2d 191 (La.1977).
None of the four types of compensation at issue in this case are specifically included or excluded in the language of La. R.S. 11:233. Therefore, the statute is inherently ambiguous with regard to whether educational incentive pay, seniority incentive pay, acting pay, and holiday pay are “earn-able compensation” for purposes of calculating pension contributions. The language of La. R.S. 11:233 requires us to first analyze whether each type of compensation at issue is “earned.” Next, if the compensation is “earned,” we must address whether each type of compensation at issue is “irregular or nonrecurring.”
The terms “irregular” and “nonrecurring” are not defined in La. R.S. 11:233 or in jurisprudence as to their meaning in the context of the statute. Our reading of La. R.S. 11:233 provides for two alternate interpretations. First, regular and recurring payments could be interpreted to be those wherein a firefighter is regularly paid on a recurring basis when he fulfills the condition which triggers payment. For example, a firefighter who works on a holiday would receive holiday pay for each affected pay period. Even if that firefighter works one holiday per year, his holiday pay would be regular and recurring contingent upon his working a holiday. The second interpretation would require that the triggering condition occurs on a regular and recurring basis. For example, a firefighter who earns the educational credits to receive educational incentive pay would receive educational incentive pay for every subsequent pay period, subject to the availability of funding. Because Louisiana law requires that ambiguities in |9pension statutes be resolved in favor of the intended beneficiaries, we find that the first interpretation is appropriate. See Swift, supra.

Hearing on Cross-Motions for Summary Judgment

On October 24, 2013, Kenner filed a Motion for Summary Judgment on the pension claims. On November 12, 2013, the Firefighters filed a Cross-Motion for Summary Judgment on the same issues. On December 17, 2013, the trial court conducted a hearing on both Motions for Summary Judgment. Following that hearing, as stated above, the trial court granted Kenner’s Motion for Summary Judgment and denied the Firefighters’ Cross-Motion for Summary Judgment.
Under Louisiana law, the mover on a motion for summary judgment bears the burden of proof that there is no genuine issue of material fact and that the mover is entitled to summary judgment as a matter of law. La. C.C.P. art. 966; Wright v. SCC Serv. Solutions, Inc., 07-219 (La.App. 5 Cir. 9/25/07), 968 So.2d 759, 761. If the movant meets this initial burden, the burden then shifts to the adverse party to present factual support adequate to establish that he will be able to satisfy his evidentiary burden at trial. Flowers v. Wal-Mart Stores, Inc., 12-140 (La.App. 5 Cir. 7/31/12), 99 So.3d 696, 699. Thereaf-' ter, if the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment as a matter of law. Id.
At the time of the hearing on the cross-motions for partial summary judgment, La. C.C.P. art. 966(F)(2) provided that:
Evidence cited in and attached to the motion for summary judgment or memorandum filed by an adverse party is deemed admitted for purposes of the motion for summary judgment unless excluded in response to an objection made in accordance with Subparagraph
*1071 (8) of this Paragraph. Only evidence admitted for purposes of the motion for summary,judgment may be considered by the court in ruling on its motion.
| inKenner attached no evidence to its Motion for Summary Judgment, nor did it file an opposition to the Firefighters’ Motion for Summary Judgment. Further, at the hearing on the Cross-Motions for Summary Judgment, Kenner admitted no exhibits for purposes of its Motion.
The Firefighters’ Opposition to Ken-ner’s Motion for Summary Judgment was subsumed within their Cross-Motion for Summary Judgment. The Firefighters supported their Motion for Summary Judgment with a number of attachments, none of which were objected to under the provisions of Louisiana Code of Civil Procedure Article 966. Therefore, the attachments to the Firefighters’ Motion were deemed admitted for purposes of their Motion for Summary Judgment.
Specifically, the Firefighters attached Duke McConnell’s deposition, in which Mr. McConnell discussed Kenner’s merger into the statewide FRS. Mr. McConnell’s deposition testimony did not address whether the contested types of payments were either “earned” or “irregular or non-recurring.” The Firefighters- also attached a number of financial records which reflected payments made to several firefighters with respect to acting pay and holiday pay.
The Firefighters also attached a series of communications between Kenner and members of the Kenner Fire Department regarding educational incentive pay. These communications included a 1995 memorandum to “All Fire Department Personnel” from Kenner’s Fire Chief, which stated that all fire personnel who meet the criteria for educational incentive pay should submit the required information to the Kenner Fire Department in order to receive the subject payments. Also attached was an additional 1997 internal communication from Kenner’s Fire Chief to “All Fire Personnel,” which discusses the requirements for the receipt of educational incentive pay and states that “[ajfter the above has been completed, the fire suppression personnel will start to get credit for that month on, until the end of Inthe year.”. The Firefighters also attached a 1998 memorandum from Kenner’s Mayor to “City of Kenner Firefighters” which states that the Mayor was seeking to increase the “Educational Incentive Plan” which “could translate to an additional $50 per month for firefighters who are qualified, for a total of $100 per month.” A fourth memorandum, sent in 1998, describes the “second level of LSU Certifications,” which was added to the Educational Incentive Plan effective January 1999. This final memorandum clearly states that educational incentive pay would be paid monthly to qualifying firefighters “as long as funds are available.” Finally, the Firefighters attached a 1994 flyer marked “FOR POSTING” which lists a monthly schedule of benefits along with the prerequisites for firefighters interested in taking part in the “Education Incentive Pay Plan.”
The Firefighters also attached two pieces of evidence with regard to seniority incentive pay. The first is a flyer, also marked “FOR POSTING” which describes an increase in “the monthly pay-out factor” for firefighters who qualify for seniority incentive pay. The final sentence of the flyer reads, “both of our incentive pay plans (the education and the SIP) will remain in affect [sic] as long as we have the money to fund them.” Finally, the Firefighters attached an undated flyer, marked as “POSTED IN ALL FIRE STATIONS,” which describes increases in both educational incentive pay and seniority in- *1072 eentive pay and states that “these changes will remain in effect each future year - as long as funds are available.” The Firefighters did not submit any additional evidence at the hearing on the Cross-Motions for Summary Judgment.

Educational Incentive Pay and Seniority Incentive Pay

First, we turn to whether educational incentive pay and seniority incentive pay constitute “earnable compensation” for purposes of La. R.S. 11:233, and should therefore be considered in calculating pension contributions for Kenner’s | ^firefighters. This analysis requires us to first determine whether educational incentive pay and seniority incentive pay are earned, and, next, to determine whether educational incentive pay and seniority incentive pay are regular and recurring.
Educational incentive pay is compensation paid to firefighters who complete certain education requirements, including completing college degrees or other prerequisite educational certifications determined by Kenner.[6] Documents attached to the Firefighters’ Cross-Motion for Summary Judgment specifically describe educational incentive pay as being calculated and paid monthly to qualifying firefighters. Seniority incentive pay is compensation paid to Kenner firefighters who serve with the Fire Department for a prerequisite amount of time.[7] According to a flyer attached to the Firefighters’ Cross-Motion for Summary Judgment, seniority incentive pay is calculated monthly but paid annually to qualifying firefighters.
As discussed above, La. R.S. 11:233 does not specifically include or exclude either seniority incentive pay or educational incentive pay from the definition of “earna-ble compensation.” Further, neither type of payment is strictly analogous to any of the exceptions listed in La. R.S. ll:233(B)(2)(g). Kenner argues that both types of incentive pay are essentially a “gratuitous bonus, not earned for any service,” and therefore likens it to the types of exceptions listed in La. R.S. 11:233, including bonuses and terminal pay. The Firefighters point out that the nature of both educational and seniority incentive pay is remunerative because in exchange for the payments, Kenner attracts and retains more experienced and qualified firefighters.
| ^Although Louisiana’s appellate courts have never directly addressed what constitutes “earnable compensation” for purposes of La. R.S. 11:233, the Louisiana Supreme Court has addressed the meaning of “earnable compensation” in a related statute. In Fishbein v. State ex rel. Louisiana State University Health Sciences Center, 04-2482 (La.04/12/05), 898 So.2d 1260, the Supreme Court addressed the meaning of “earnable compensation” in the context of a similar public retirement statute.[8] The plaintiff in Fishbein was an *1073 employee of the state university health center who sought a declaratory judgment that her supplemental salary was earnable compensation for purposes of calculating her retirement benefits. Id. at 1264. On appeal, the Supreme Court reversed the trial court’s judgment and found that the supplemental salary that plaintiff earned based on her additional responsibilities constituted earnable compensation rather than a gratuitous bonus. Id. at 1271. The Court reasoned that the additional compensation was based on the “market conditions and the responsibilities [the plaintiff] undertook.” Id.
As with the supplemental salary discussed in Fishbein, the evidence attached to the Firefighters’ Motion for Summary Judgment in this case reflects that seniority incentive pay and educational incentive pay were instituted to attract, retain, and compensate qualified and experienced firefighters. Firefighters were required to meet certain prerequisite qualifications either through years of service to the City of Kenner or through the attainment of educational requirements, making both types of incentive pay “earned” for purposes of the statute.
|14Next, we turn to whether educational incentive pay and seniority incentive pay are regular and recurring for purposes of La. R.S. 11:233. As discussed above, evidence attached to the Firefighters’ Motion for Summary Judgment clearly shows that these incentive payments accrued monthly to all qualifying firefighters, and were paid at regular intervals of either one month or one year. Therefore, under either interpretation of “irregular and nonrecurring,” both education incentive pay and seniority incentive pay constitute regular and recurring payments under La. R.S. 11:233.
In addition, the Supreme Court in Fish-bein also found that the relevant statute specifically excluded a number of types of compensation, including per diem, post allowances, payment in kind, and hazardous duty pay. The Fishbein Court stated that “the legislature’s failure to exclude supplemental salary from the definition supports our conclusion that it is included as part of plaintiffs earnable compensation.” Id. at 1272. Similarly, La. R.S. 11:233 specifically excludes a number of forms of compensation, including bonuses and per diems. The evidence admitted for purposes of the Firefighters’ Motion for Summary Judgment, combined with the legislature’s decision not to specifically exclude this type of incentive pay from the definition of “earna-ble compensation,” supports the conclusion that educational incentive pay and seniority incentive pay are “earnable compensation” for purposes of La. R.S. 11:233. We therefore reverse the trial court’s denial of the Firefighters’ Motion for Summary Judgment regarding educational incentive pay and seniority incentive pay.
Therefore, based on a review of the relevant statutory provisions and the evidence attached to the Firefighters’ Motion for Summary Judgment, we find that the trial court erred in finding that educational incentive pay and seniority incentive pay are not “earnable compensation” within the definition of La. R.S. |1fill:233. Accordingly, we vacate the trial court’s granting of Kenner’s Motion for Summary Judgment with regard to educational incentive pay and seniority incentive pay. We further reverse the trial court’s denial of the Firefighters’ Motion for Summary Judgment with regard to educational incentive pay and seniority incentive pay.

*1074
Acting Pay and Holiday Pay

Acting pay is described by Ken-ner’s appellate brief as “the higher rate a firefighter receives when he fills in for an absent colleague who holds a higher civil service classification.” According to Ken-ner, firefighters are expected to fill in for colleagues with a higher classification “from time to time.” However, the Firefighters argue in their brief that they are expected to fill in during both “temporary and permanent vacancies.”
Kenner argues that acting pay “is irregular and non-recurring,” and therefore, because La. R.S. 11:233 excludes “any type of irregular or non-recurring payment” from the definition of “earnable compensation,” acting pay should not be included in calculating pension contributions for firefighters. However, at the hearing on their Motion for Summary Judgment, Kenner provided no evidentiary support for the assertion that acting pay is by definition either irregular or nonrecurring.
Holiday pay is compensation mandated by statute for firefighters who are required to work on holidays.[9] Kenner argues that holiday pay essentially constitutes a bonus for firefighters who work holidays, and is therefore not 1 ^compensation “earned” under La. R.S. 11:233. The Firefighters argue that holiday pay is earned compensation because it is a remunerative payment made to compensate and reward firefighters who work during holidays. The Firefighters- also point out that La. R.S. ll:2252(9)(b) specifically discusses holiday pay in the context of earned compensation, implying that the legislature intended it to be included under La. R.S. 11:233. The Firefighters also point out thát a 2007 Opinion published by the Attorney General describes holiday pay as “part of the overall compensation paid to firefighters as part of their earned compensation pursuant to ... reciprocal contractual obligations.” La. Atty. Gen. Op. No. 07-0280 (Dec. 14, 2007).
With regard to holiday pay, both parties cite Bruno v. New Orleans, 583 So.2d 10 (La.App. 4 Cir.1991) as authority for their positions. In Bruno, the Fourth Circuit held that supplemental pay must be included in police officers’ base hourly pay when computing the officers’ “holiday wages.” Id. at 12. In its opinion, the Bruno court likened holiday wages to overtime, describing both as an “employee benefit.” Id. Kenner argues that because overtime is specifically excluded by La. R.S. 11:233, this comparison supports its contention that holiday pay should be excluded as well. The Firefighters argue that the term “employee benefit” actually supports their contention that holiday pay is earned compensation within the meaning of La. R.S.11:233.[10]
*1075 Attached as Exhibit 2 to the Firefighters’ Cross-Motion for Summary Judgment is a September 27, 2012 letter from Du-plantier, Hrapmann, Hogan & Maher, L.L.P., Certified Public Accountants, to Kenner Mayor Mike Yenni, |17confirming that said firm assisted the City “with respect to the calculation of retirement benefits for the City of Kenner, Louisiana firefighters who retired prior to July 2010.” The procedures and findings of such study were set out in the letter as follows:
1. We calculated the present value of additional retirement benefits for retirees and/or employees of the City of Kenner, Louisiana fire department who either already retired or entered the DROP program prior to July 2010.
2. We calculated the present value of additional DROP benefits due to employees of the City of Kenner, Louisiana fire department who entered the DROP program prior to July 2010.
3. The calculation of additional retirement benefits resulted in an obligation of $832,211 due to the firefighters. *
4. The calculation of additional DROP benefits resulted in an obligation of $22,790 due to the firefighters.
Attached to the letter are charts which include listings of names and findings with respect to specific retired firefighters and firefighters who have entered the DROP program for the three-year period of the study (identified in the study as ‘Year 1,” “Year 2,” and “Year 3”). For each year of the study, totals for each individual firefighter are shown specifically with respect to “Holiday earnings,” “Acting pay earnings” and “Acting holiday earnings.” Of significance, for the nineteen firefighters included in the study, the following results were found:
For Year 1: 18 of 19 received “Holiday ■ earnings,” 15 of 19 received “Acting pay earnings,” and 8 of 19 received “Acting holiday earnings.”
For Year 2: 19 of 19 received “Holiday earnings,” 17 of 19 received “Acting pay earnings,” and 13 of 19 received “Acting holiday earnings.”
For Year 3: 19 of 19 received “Holiday earnings,” 17 of 19 received “Acting pay earnings,” and 12 of 19 received “Acting holiday earnings.”
11s“Acting holiday earnings” is a combination of acting pay and holiday pay, ie., when a firefighter “acts up” when working on a holiday.
In summary, for the entire three-year period of the study, 56 of the 57 firefighters included in the study (or 98.2%) received “Holiday earnings,” 49 of the 57 firefighters included in the study (or 89.9%) received “Acting pay earnings,” and 33 of the 57 firefighters included in the study (or 57.8%) received “Acting holiday earnings” (a combination of acting pay and holiday pay). This data demonstrates that almost all firefighters included in the study worked on holidays and, as mandated by statute, received holiday pay. This data further demonstrates that a large majority of the firefighters included in the study received acting pay on a regular basis. Further, the data reflects that the firefighters included in the study worked on holidays and also received a combination of acting pay and holiday pay (referred to in the charts as “Acting holiday pay”).
As discussed above, determining whether acting pay and holiday pay are earnable compensation for purposes of La. R.S. 11:233 requires us to interpret the inherently ambiguous phrase in the statute: “ir *1076 regular and non-reeurring.” With regard to whether acting pay and holiday pay are regular and recurring, our determination turns on the interpretation of this phrase. As discussed above, we find that regular and recurring payments are those wherein a firefighter is regularly paid on a recurring basis when he fulfills the condition which • triggers payment. Therefore, although a firefighter may not work on a holiday during every pay period, he would regularly receive holiday pay for each period in which he did work a holiday. Accordingly, based on the results of this study and our | ^interpretation of La. R.S. 11:233, we find that acting pay and holiday pay are regular and recurring for purposes of La. R.S. ll:233.[11]
The evidence admitted for purposes of the Firefighters’ Motion for Summary Judgment, combined with the legislature’s decision not to specifically exclude this type of acting pay and holiday pay from the definition of “earnable compensation,” supports the conclusion that acting pay and holiday pay are “earnable compensation” for purposes of La. R.S. 11:233. Furthermore, the City provided no rebuttal evidence to support their contention that acting pay and holiday pay are irregular and nonrecurring. We therefore reverse the trial court’s denial of the Firefighters’ Motion for Summary Judgment regarding acting pay and holiday pay.
Therefore, based on a review of the relevant statutory provisions and the evidence attached to the Firefighters’ Motion for Summary Judgment, we find that the trial court erred in finding that acting pay and holiday pay are not “earnable compensation” within the definition of La. R.S. 11:233. Accordingly, we vacate the trial court’s granting of Kenner’s Motion for Summary Judgment with regard to acting pay and holiday pay. We further reverse the trial court’s denial of the Firefighters’ Motion for Summary Judgment with regard to acting pay and holiday pay.

CONCLUSION

Upon de novo review, for the foregoing reasons, we find that Kenner did not meet its evidentiary burden with regard to any of the types of compensation at issue in this case, and accordingly, vacate the trial court’s grant of summary judgment in favor of Kenner. In addition, we find that: 1) the Firefighters met theirj^evidentiary burden under Louisiana Code of Civil Procedure Article 966 with regard to seniority incentive pay, educational incentive pay, acting pay, and holiday pay; 2) no genuine issues of material fact remain as to whether educational incentive pay, seniority incentive pay, acting pay, and holiday pay must be included as “earnable compensation” for purposes of calculating pension contributions pursuant to La. R.S. 11:233; and 3) the Firefighters are entitled to judgment as a matter of law. Accordingly, we reverse the trial' court’s denial of the Firefighters’ Motion for Summary Judgment with regard to seniority incentive pay, educational incentive pay, acting pay, and holiday pay, and render summary judgment in favor of the Firefighters with regard to seniority incentive pay, educational incentive pay, acting pay, and holiday pay.

VACATED, REVERSED, RENDERED

LILJEBERG, J., concurs in part, dissents in part.

. The Firefighters also sought retroactive and forward pay adjustments on Kenner’s alleged failure to include state supplemental pay in the calculation of longevity, holiday, and overtime pay, as mandated by R.S. 33:1992(B) and 33:2004(D).

. After multiple proceedings before both the trial court and this Court, the trial court ultimately granted the Firefighters’ Motion for Partial Summary Judgment with regard to the Firefighters’ claim that Kenner was liable to the Firefighters for failing to include firefighter state supplemental pay in the calculation of (1) longevity pay from 1981 to 1987, and (2) holiday pay and overtime rates from 1981 to 1994.

. Article X, Section 29(E), was enacted the year before the creation of Title 11.

. La. R.S. 11:62 sets the statutory requirements for employee contributions to state and statewide public retirement systems.

. In 1980, Louisiana created a statewide retirement system for firefighters known as the "Firefighters' Retirement System.” La. R.S. 11:2251. FRS was created and placed under the management of a board of trustees for the purpose of providing retirement allowances and other benefits to firefighters employed by "any municipality, parish, or fire protection district” in Louisiana. Id.
FRS was consolidated into Chapter 11 by Acts 1991, No. 74, which authorized the Louisiana State Law Institute to re-designate all existing provisions of law related to and governing the operation of the public retirement systems, plans, and funds.

. These requirements are clearly described in the evidence attached to the Firefighters' Cross-Motion for Summary Judgment.

. A flyer attached to the Firefighters' Motion for Summary Judgment describes an "increase from $3.00 to $4.00 per month of service” for firefighters who take part in the "Seniority Incentive Pay plan.”

. The statute at issue in Fishbein is La. R.S. 11:701, which forms part of Louisiana’s statutory retirement system for teachers. At the time, La. R.S. 11:701(10) defined "earnable compensation” as:
[T]he compensation earned by a member during the foil normal working time as a teacher. Earnable compensation shall not include per diem, post allowances, payment in kind, hazardous duty pay, or any other allowance for expense authorized and incurred as an incident to employment, nor payments in lieu of unused sick or annual leave, nor retroactive salary increases unless such increase was granted *1073 by legislative act or by a city/parish system-wide salary increase, nor payment for discontinuation of contractual services, unless the payment is made on a monthly basis.

. La. R.S. 33:1999 specifically requires that:
Firefighters in municipalities, parishes, and fire protection districts who are required to work on holidays as provided for in Subsection B of this Section shall receive in addition to the compensation to which such employee would be entitled under laws and pay plans now in effect, compensation at the rate of one times his usual salary, to be determined by reducing his average monthly salary to an hourly scale; provided that in lieu of additional compensation, governing authorities, at their option, may grant fire department employees time off from work for which such additional compensation would be due and payable to said employees.

. The Firefighters also claim that a Second Circuit opinion, Williams v. City of W. Monroe, 403 So.2d 842 (La.App. 2 Cir.1981) supports their contention that holiday pay is earned compensation. In that case, the Court held that state supplemental pay had to be taken into account in calculating longevity pay, holiday pay, and overtime pay. Id. at 845. However, Williams does not specifically address whether holiday pay constitutes *1075 earned compensation, and therefore is not relevant to our analysis of La. R.S. 11:233.

. As noted above, although the City of Ken-ner has not conceded that acting pay and holiday pay should be included in the firefighters’ earnable compensation for retirement calculation purposes, since July 2010, the City has in fact been remitting pension contributions on acting pay and holiday pay.